UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUZANNE A. SWENSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF'S OFFICE, KOOTENAI COUNTY SHERIFF ROCKY WATSON, DEPUTY SHAWN LINDBLOOM, KOOTENAI COUNTY PROSECUTOR BARRY McHUGH, DEPUTY PROSECUTOR JIM REIERSON, DEPUTY PROSECUTOR JOSHUA STUDOR, DEPUTY PROSECUTOR KEN BROOKS; DEPUTY JOHN DOES, *et al.*, JUDGE BARRY E. WATSON, MAGISTRATE SCOTT WAYMAN, DETECTIVE JASON AUSTIN, and DEPUTY JONATHAN BRANDEL,<br><br>　　　　　Defendants. | Case No. 2:13-cv-00026-EJL-REB<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff Suzanne A. Swenson's Motion for Default Judgment (Dkt. 12) and Request for Entry of Default (Dkt. 13). This matter has been referred to the undersigned for all pretrial matters (Dkt. 42).

**REPORT**

**BACKGROUND**

On January 16, 2013, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against the County of Kootenai, Kootenai County Sheriff's Office, Kootenai County Sheriff Rocky Watson, Deputy Shawn Lindblom, Kootenai County Prosecutor Barry McHugh, Deputy Prosecutor Jim Reierson, Deputy Prosecutor Joshua Studor, Deputy Prosecutor Ken Brooks, and Deputy John Does, *et al.* (collectively, "Kootenai County Defendants") (Dkt. 1). These defendants were

**Order - 1**

served either on January 18 or 22, 2013.  (Dkts. 3-8.)[1]  On January 29, 2013, Plaintiff filed an Amended Complaint (Dkt. 9) against all the aforementioned defendants, along with four additional defendants.[2]

On February 11, 2013, Plaintiff filed the pending Motion for Default Judgment (Dkt. 12) and Request for Entry of Judgment (Dkt. 13) pursuant to Rule 55.  On February 14, 2013, Plaintiff filed a "Certificate of Service" (Dkt. 24) indicating that the Amended Complaint was mailed to the Kootenai County Defendants on February 14, 2013.

## DISCUSSION

Under Rule 55(a), a default can be entered against a defendant who fails to timely plead or otherwise defend.  Fed. R. Civ. P. 55(a).  In general, a defendant must serve an answer within 21 days after being served with a summons and complaint.  Fed. R. Civ. P. 12(a)(1)(A).

When an amended pleading is filed, however, Rule 15 governs the time for responding.  Under Rule 15(a)(1), a party may amend its pleading within 21 days after serving it which Plaintiff did in this case when she filed an Amended Complaint on January 29, 2013, thirteen days after her original Complaint was filed.  When a pleading is amended, a response must be made either "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."  Fed. R. Civ. P. 15(a)(3).

The Kootenai County Defendants were served on January 18 and 22, 2013, making the deadline for filing of a responsive pleading February 8, 2013 for the Kootenai County Defendants with the exception of the Kootenai County Sheriff's Office, which had a deadline of

---

[1] All the Defendants, with the exception of the Kootenai County Sheriff's Office, were served on January 18, 2013.  (Dkts. 3, 4, 6, 7, 8).

[2] These new defendants included: Judge Barry E. Watson, Magistrate Scott Wayman, Detective Jason Austin, and Deputy Jonathan Brandel.

February 12, 2013.

Plaintiff filed the Amended Complaint before those deadlines, on January 29, 2013. The docket indicates that on February 14, 2013 the Kootenai County Defendants were served with the Amended Complaint, making the deadline for serving their responsive pleading within fourteen days, February 28, 2013, as this was the latter of "the time remaining to respond to the original pleading" or "14 days after service of the amended pleading." Fed. R. Civ. P. 15(a)(3).

Plaintiff filed her Request for Entry of Default and Motion for Default Judgment on February 11, 2013. Because the Kootenai County Defendants did not need to file their Answers until February 28, 2013, their Answer was timely filed on February 12, 2013 (Dkt. 14) and Plaintiff's Request for Entry of Default and Motion for Default Judgment should be denied.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED that** Plaintiff's Motion for Default Judgment (Dkt. 12) and Request for Entry of Default (Dkt. 13) be **DENIED**.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served a copy thereof.

DATED: **April 29, 2013**

Honorable Ronald E. Bush
U. S. Magistrate Judge

Order - 3