UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUZANNE A. SWENSON,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF'S OFFICE, KOOTENAI COUNTY SHERIFF ROCKY WATSON, DEPUTY SHAWN LINDBLOOM, KOOTENAI COUNTY PROSECUTOR BARRY McHUGH, DEPUTY PROSECUTOR JIM REIERSON, DEPUTY PROSECUTOR JOSHUA STUDOR, DEPUTY PROSECUTOR KEN BROOKS, JUDGE BARRY E. WATSON, MAGISTRATE SCOTT WAYMAN, DETECTIVE JOHN AUSTIN, and DEPUTY JONATHAN BRANDEL,<br><br>            Defendants. | Case No. 2:13-CV-026-EJL-REB<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff Suzanne Swenson's Motion for Proof of Authority to Represent and Entry for Default Judgment (Dkt. 51).

## REPORT

### PLAINTIFF'S MOTION

In her motion, Plaintiff asks the Court to order the County of Kootenai and Kootenai County Sheriff's Office to prove that they have contracted Peter C. Erbland as their attorney of record in this case. Plaintiff's motion is based on the fact that Mr. Erbland filed an Answer to Plaintiff's Complaint and Amended Complaint on behalf of "Kootenai County," rather than the

**REPORT AND RECOMMENDATION - 1**

"County of Kootenai," as this defendant is named in this action.  *See* Complaint, Dkt. 1, Amendment to Complaint, Dkt. 9, and Answer to Complaint and Amendment to Complaint, Dkt. 14.

Then, because Plaintiff claims that the "County of Kootenai" has not responded to her Complaint and Amendment to Complaint, she seeks default judgment in the amount of $2,500,000.00.

## DISCUSSION

An attorney's signature to a pleading with the Court constitutes an appearance by the attorney who signs it.  Dist. Idaho Loc. Civ. R. 83.6(a)(1).  An appearance by an attorney for the party in a case is presumed to have been authorized by the party.  *Osborn v. Bank of the U.S.*, 22 U.S. 738, 829-30 (1824).  In this case, Mr. Erbland filed an Answer on behalf of Kootenai County and the Kootenai County Sheriff's Office.  *See* Dkt. 14.  This constitutes an appearance by Mr. Erbland for these defendants and he is presumed to have authority.

Plaintiff's main contention is that because her complaint (and amendment to complaint) name "County of Kootenai" rather than "Kootenai County" (as referenced in the Answer), there is some sort of irregularity in the Answer, and therefore Plaintiff is entitled to default judgment.

Plaintiff is mistaken.  The difference between the name "County of Kootenai" and "Kootenai County" is inconsequential.  As the Ninth Circuit has recognized, suggesting that this distinction should be the point upon which this lawsuit should turn is the kind of "technicality that gives litigation a bad name; [as] no one has the slightest doubt who is to defend this lawsuit.."  *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) (discussing the distinction between the named defendant, the "Department of the Interior," and the proper

**REPORT AND RECOMMENDATION - 2**

defendant, the "Secretary of the Interior.") There is no reasonable dispute that "County of Kootenai" and "Kootenai County" are one and the same for purposes of who is being sued, and who is answering the lawsuit.

Further, as pointed out by Defendants, the proper name under Idaho for this Defendant is "Kootenai County." Title 31 of the Idaho Code provides that the "name of a county designated in the law creating it is its corporate name, and it must be known and designated thereby in all actions and proceedings . . ." I.C. § 31-603.. Section 130 of title 31 uses the name "Kootenai County" for the political subdivision Plaintiff is suing in this case. Mr. Erbland, appearing on behalf of Kootenai County in answering Plaintiff's Complaint, has used the name of the county used in Idaho law.

Accordingly, the Court concludes that Plaintiff's motion should be denied, in both her request for Mr. Erbland to provide proof of his authority to represent Kootenai County and Kootenai County Sheriff's Office and her request for default judgment.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED that** Plaintiff's Motion for Proof of Authority to Represent and Entry for Default Judgment (Dkt. 51) be **DENIED.**

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served a copy thereof.

**REPORT AND RECOMMENDATION - 3**



DATED: **October 23, 2013**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 4**