UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUZANNE A. SWENSON,<br><br>           Plaintiff,<br><br>   v.<br><br>COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF'S OFFICE, KOOTENAI COUNTY SHERIFF ROCKY WATSON, DEPUTY SHAWN LINDBLOM, KOOTENAI COUNTY PROSECUTOR BARRY McHUGH, DEPUTY PROSECUTOR JIM REIERSON, DEPUTY PROSECUTOR JOSHUA STUDOR, DEPUTY PROSECUTOR KEN BROOKS, DEPUTY JOHN DOES, *et al.*, JUDGE BARRY E. WATSON, MAGISTRATE SCOTT WAYMAN, DETECTIVE JASON AUSTIN, and DEPUTY JONATHAN BRANDEL,<br><br>           Defendants. | Case No. 2:13-CV-0026-EJL<br><br>**ORDER ON REPORT AND RECOMMENDATION AND OBJECTION ON MOTION TO COMPEL TAX RETURNS AND MOTION TO MODIFY SCHEDULING ORDER** |

## OBJECTIONS

On February 14, 2014, United States Magistrate Judge Ronald E. Bush issued a

Report and Recommendation in this matter. (Dkt. 114.) Pursuant to 28 U.S.C.

§ 636(b)(1), the parties had fourteen days in which to file written objections to the Report

and Recommendation. On February 28, 2014, objections (Dkts. 120 and 121) were filed

**ORDER - 1**

by the Plaintiff.[1] Defendant filed new affidavits in accordance with the Report and

Recommendation on February 20, 2014, but no responses to Plaintiff's objections were

filed. Plaintiff also filed an objection to the resubmitted affidavits on March 10, 2014

(Dkt. 129). The matter is now ripe for the Court's consideration.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court may accept, reject, or modify, in

whole or in part, the findings and recommendations made by the magistrate judge.  Where

the parties object to a report and recommendation, this Court shall make a de novo

determination of those portions of the report which objection is made. *Id*. Where,

however, no objections are filed the district court need not conduct a de novo review. In

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted

the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge
> must review the magistrate judge's findings and recommendations de novo
> if objection is made, but not otherwise. As the *Peretz* Court instructed, "to
> the extent de novo review is required to satisfy Article III concerns, it need
> not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939
> (internal citation omitted). Neither the Constitution nor the statute requires a
> district judge to review, de novo, findings and recommendations that the
> parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251
> ("Absent an objection or request for review by the defendant, the district
> court was not required to engage in any more formal review of the plea

---

[1]The Plaintiff filed objections to the recommended portions of the Report and
Recommendation in Dkt. 120.  Plaintiff filed an objection (or appeal) of Judge's Bush's order on
the Defendants' motion to compel production of certain tax returns in Dkt. 121. The standard of
review for an objection to a magistrate judge order is different than the standard of review for an
objection to a report and recommendation on dispositive motions.  The Court will set forth the
standard of review for the objection to the order in a separate section of this Order.

> proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo
> review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to

the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R.

Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within

fourteen days of service of the Report and Recommendation). "When no timely objection

is filed, the Court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th

Cir.1974)). In this case, the objections were filed, so the Court is required to conduct a de

novo determination to the objected parts of the Report and Recommendation.

Swenson alleges that she was wrongfully arrested in Kootenai County, Idaho for

felony possession of controlled substances and misdemeanor battery, that she was

mistreated by the Kootenai County Sheriff's Department in violation of her civil rights

under the Fourth and Eighth Amendments, and that she was maliciously prosecuted.

Magistrate Judge Bush recommended granting Defendants Wayman and Watson's

motion to dismiss based on judicial immunity and granting the summary judgment motion

of Kootenai County, Kootenai County Sheriff's Office, and the following individual

Defendants Watson, McHugh, Reierson, Studor, Brooks, Austin and Brandel. Judge

Bush recommended allowing Plaintiff's claim of excessive force related to Defendant

Lindblom's placing of handcuffs on Plaintiff to proceed to trial.

Plaintiff once again objects to Judge Bush not recusing himself from this case and not applying the applicable statutes and the Constitution. The Court finds these continual attacks on Judge Bush to be meritless. Judge Bush has already ruled on Plaintiff's motion to recuse and found no basis for his recusal from this case. This Court has also reviewed the allegations of Plaintiff and finds them to be without merit. Just because a judge does not rule in a party's favor, does not mean that judge is not applying the law correctly or is biased. Plaintiff has the option to appeal the rulings if she believes the Court was in error on the law.

In an abundance of caution, the Court has again specifically reviewed the requirements of 28 U.S.C. § 144 and finds no factual support for the appearance of or actual bias or prejudice by the undersigned judge or Judge Bush. The Court has also reviewed the requirements of 28 U.S.C. § 455 and finds there are no applicable statutory requirements that the undersigned judge or Judge Bush recuse themselves from this case.

Moreover, Plaintiff's argument she should be able to have any person speak on her behalf in federal court is incorrect. The District of Idaho does not allow non-attorneys to represent individuals in federal court. Dist. Idaho Loc. Civ. R. 83.7. Simply put, in order to represent another person in federal court, that person must be a licensed attorney admitted to practice in the District of Idaho. Plaintiff is free to represent herself, but she cannot select someone who is not admitted to practice in this court to represent her

interests. This is not a violation of Plaintiff's Constitutional rights to have restrictions on who may practice law in the District of Idaho.

Plaintiff objects to the recommendation to dismiss the claims against all defendants except the excessive force claim against Defendant Lindblom. As to the objections, the Court has reviewed the law and facts and finds the analysis by Judge Bush is well-founded in the law. State magistrate judges are entitled to absolute judicial immunity for their alleged actions in this case. *Stump v. Sparkman*, 435 U.S. 349 (1978).

An officer will not be held to have committed a violation of a defendant's Fourth Amendment right to be free from unlawful arrest if the arrest was carried out with probable cause. *Grant v. City of Long Beach*, 315 F.3d 1081, 1089 (9th Cir. 2002) ("Courts have long held that the Fourth Amendment requires probable cause before an officer may arrest an individual.") (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964). In order to assess whether probable cause exists a court must inquire "if 'at the moment the arrest was made . . . the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the suspect had violated a criminal law." *Id.* at 1085 (quoting *Orin v. Barclay*, 272 F.2d 1207, 1218 (9th Cir. 2001.).). The Ninth Circuit requires an objective standard whereby the district court is to evaluate whether "a "reasonable officer" would have made the arrest based on the totality of the circumstances." *Id.* at 1089. This is a fact specific inquiry.

Here the undisputed facts and law support a finding that probable cause was established for Plaintiff's arrest, so the arrest was not wrongful as a matter of law. The officer who arrested Plaintiff completed an investigation which satisfied the probable cause requirement and the officer did not need to have been an eyewitness in order to have probable cause to arrest Plaintiff on a battery charge under Idaho Code § 18-903. Battery is a misdemeanor since the maximum punishment does not exceed six months imprisonment. Idaho Code § 18-904. Plaintiff's reliance on a domestic dispute statute are misplaced. The officer had statutory authority to arrest for a charge of battery pursuant to Idaho Code § 19-603.

Plaintiff has failed to establish the requisite requirements to sue a municipality for a violation of civil rights. *See Monell v. Sept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978). There is simply no evidence that a county policy or custom caused the alleged constitutional deprivation of rights.

The Sheriff's office is not a "political subdivision" as that term is defined under Idaho law and is therefore not a party that can be sued for tort liability. *See* Idaho Code § 6-902.

The Plaintiff has failed to prove "malice" on the part of the prosecutors who are also entitled to prosecutorial immunity for their actions in this case. *See Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004); *Imbler v. Pachtman*, 424 U.S. 409 (1976).

The Court agrees the excessive force claim should be allowed to proceed to trial.

*Lalonde v. County of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000). The amount of time Swenson was in handcuffs, the details of the tightness of the handcuffs and Swenson's requests to loosen the handcuffs as well as any actual injury sustained from the handcuffs will have to be determined by the jury after they hear the testimony of all the witnesses.

Plaintiff's Eighth Amendment's cruel and unusual punishment allegations fail as she was not imprisoned after a conviction on the charges. *Graham v. Conner*, 490 U.S. 386, 393 (1989).

Simply stated, the Court finds the objections to the Report and Recommendation are without merit and must be dismissed based on the law as correctly set forth and applied by the Magistrate Judge. The Court adopts by reference Judge Bush's detailed analysis of each of Plaintiff's claims and agrees with his recommendation on the motion to dismiss and the motion for summary judgment.

As to the objection to Judge Bush's order to disclose certain tax returns, the Court finds the standard of review for this objection is to show the magistrate judge's ruling was "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Plaintiff claims it is improper to order the disclosure of tax returns where she is not claiming damages relating to a loss of income due to the alleged actions of Defendants. Disclosure of tax returns is only proper when there is a compelling need for them.

Plaintiff states in her objection she is not making any claim of loss income due to alleged injury to her wrists from the handcuffing. While the Court finds Judge Bush's

ruling proper under the law, Plaintiff's concession she will not seek any loss of income in damages casts a new light on the motion for disclosure. Therefore, the Court agrees that a compelling need for disclosure of the income tax returns has not been shown at this stage in the litigation. The Plaintiff is ordered to have the tax returns present with her at the time of trial and if the Court finds based on the Plaintiff's testimony such documents have become relevant, the Plaintiff will have to disclose such documents to defense counsel at trial. Additionally, based on Plaintiff's arguments about the tax returns, she is prohibited from seeking any damages related to a loss of ability to earn income due to her alleged wrist injury from the handcuffs. This objection is granted in part subject to possible disclosure at trial.

As to Plaintiffs' Objections to the resubmitted affidavits, the Court finds Plaintiff is merely restating her earlier arguments which have been addressed by Judge Bush and this Court. At trial, Swenson may be able to examine the affiants who also testify regarding their prior sworn statements in their affidavits. However, for purposes of the motion to summary judgment, the Court finds the resubmitted affidavits contain admissible evidence that the Court may consider in resolving the motion for summary judgment. These objections are denied.

## MOTION TO MODIFY SCHEDULING ORDER

Plaintiff moves the Court to extend the discovery deadline by 90 days to allow her to name her doctor as an expert witness and to list her doctor's record keeper as a witness to verify the business records already submitted as evidence. Defendants object to the motion as being untimely and prejudicial. The Court is going to withdraw the reference to Judge Bush on this particular motion because it ultimately impacts who will be allowed to testify at the trial.

The Court's review of the motion to modify scheduling order is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds Swenson that pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Here, Plaintiff failed to disclose any expert witnesses by the deadline of May 31, 2013, therefore Defendants did not retain any experts. Then with three days before the discovery cutoff deadline of November 30, 2013, Plaintiff moves to modify the scheduling order to allow for her to name an expert and a custodian of records as a fact witness.

A scheduling order can be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). The Court agrees that testimony from Plaintiff's doctor is critical in Swenson being able to make a case for her alleged injuries. The Court also finds the disclosure of her doctor

as an expert at this stage in the litigation is prejudicial to Defendants who were not aware

of the doctor's expected expert testimony and did not identify their own expert. The

Court also agrees Plaintiff was not diligent in complying with the rules when she waited

until five months after the expert disclosure deadline to move to add an expert. The Court

agrees that Plaintiff should have known she would need medical testimony to substantiate

her claim of alleged nerve damage from the handcuffs and should have disclosed her

expert within the deadline set by the Court. However, the Court also finds Defendants

could have anticipated when they received the medical records from Plaintiff in July of

2013, that a treating doctor might be called as a witness in this matter.

In the interests of justice and fairness, the Court will allow Plaintiff to name one

treating doctor as a testifying expert witness in this matter based on Fed. R. Evid. 702.

The doctor's expert testimony will be limited in scope to the treatment, diagnosis, and

prognosis of Swenson. If her doctor does not file an expert report that complies with all

the requirements of Fed. R. Civ. P. 26(a)(2)(B), then at a minimum Swenson needs to

provide to Defendants a statement *prepared by and signed by* the treating doctor setting

forth the requirements of Fed. R. Civ. P. 26(a)(2)(C). The expert report or statement must

be provided to Defendants within thirty (30) days of the date of this Order. Failure to

provide a written expert report or statement within this deadline may result in Plaintiff

being unable to call her treating doctor as a witness at trial.

Upon receipt of an expert report or statement, Defendants shall have thirty (30) days to depose said treating doctor. After the deposition of the treating doctor, Defendants shall have an additional thirty (30) days to name an expert and provide an expert report to Plaintiff. Plaintiff will then have thirty (30) days to conduct a deposition of Defendants' expert. No additional experts will be allowed in this matter. These delays for discovery related to experts will necessarily result the trial in this matter being reset.

The Court also finds Plaintiff's request to name one medical records custodian as a witness to testify at trial will be granted. Defendants will suffer no prejudice as the medical records have previously been disclosed. The Court reserves its ruling on whether or not specific medical records are admissible under the Federal Rules of Evidence.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Memorandum Decision and Order and Report and Recommendation (Dkt. 114) shall be **INCORPORATED** by reference and **ADOPTED** by this Court.

**IT IS FURTHER ORDERED** as follows regarding the dispositive motions:

1.  Defendant Wayman and Watson's Motions to Dismiss (Dkt. 49) is **GRANTED**.

2.  Plaintiff's Motion to Amend Complaint (Dkt. 62) is **DENIED**.

3.   Defendants Kootenai County, Kootenai County Sheriff's Office, Watson, Lindblom, McHugh, Reierson, Studor, Brooks, Austin and Brandel's Motion for Summary Judgment (Dkt. 70) is **GRANTED IN PART and DENIED IN PART**. Only the excessive force claim against Defendant Lindblom shall be allowed to proceed to trial.

4.   Plaintiff's Objections (Dkt. 120 and Dkt. 129) are **DENIED**.  Plaintiff's Objection regarding the tax return disclosure (Dkt. 121) is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that miscellaneous motions of Plaintiff will be summarily denied as being moot or meritless to avoid the waste of limited judicial resources:

5.   Plaintiff's Motion for Judicial Notice and Demand for Jury Trial (Dkt. 123 and 124) are **DENIED AS MOOT** as a jury trial is set on the claim for excessive force which has not been dismissed.  The Court will not reconsider its rulings on the dismissal of the other claims.

6.   Plaintiff's Motions to Show Cause Why Defendants Should Not be Charged, Tried and Convicted of Perjury (Dkt. 130) and (Dkt. 132) are **DENIED** as beyond the scope of this civil litigation.  Perjury is a criminal charge and can only be brought by a prosecutor, not a private citizen.

**IT IS FURTHER ORDERED** that:

7. The Court will withdraw the reference on Plaintiff's Motion to Modify Scheduling Order (Dkt. 93) and said Motion is **GRANTED IN PART** consistent with this Order.

8. The trial set for July 22, 2014 is **VACATED** and the trial is **RESET** for **Tuesday, September 16, 2014  at 9:30 a.m.** at the Federal Courthouse in Coeur d'Alene, Idaho to allow for the expert discovery to be completed.

DATED:  **March 25, 2014**

~~Honora~~ble Edward J. Lodge
U. S. District Judge